# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00159-CV

**K. M.-J., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 246,338-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

K.M.-J. filed a notice of appeal from the decree terminating her parental rights to five children. Her appointed attorney has filed an *Anders*-style brief stating that, after conscientiously examining the record, he found no argument that could possibly persuade the court to reverse or modify the judgment. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646 (Tex. App.—Austin 2005, pet. denied). Appellant's attorney has concluded that this appeal is frivolous, and he seeks to withdraw as her counsel. The Texas Department of Family and Protective Services filed a brief concurring with appellant's attorney's determination that this appeal is frivolous. Appellant has not filed a pro se brief challenging the assessment that this appeal is frivolous or her attorney's motion to withdraw. After reviewing the record, we find that the appeal is frivolous and will affirm the decree of termination. We will grant the attorney's motion to withdraw as counsel.

A trial court can involuntarily terminate a parent-child relationship only if clear and convincing evidence shows (1) that the parent has committed an act or omission statutorily deemed to warrant termination, and (2) that termination of the relationship is in the child's best interest. Tex. Civ. Prac. & Rem. Code Ann. § 161.001 (West Supp. 2011). Under the charge presented at trial, the jury found by clear and convincing evidence at least one of three statutory grounds warranting termination and that termination of appellant's parental rights was in the children's best interest. *See id*. The cited grounds for termination are:

> (D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;
>
> (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;
>
> . . . .
>
> (O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child; . . . .

*Id*. To "endanger" means to expose the child to loss, injury, or danger. *In re M.C.*, 917 S.W.2d 268, 269 (Tex. 1996). The best interests of the children are assessed on an array of factors, including those described by the Texas Supreme Court in *Holley v. Adams*, 544 S.W.2d 367, 371-72

2

(Tex. 1976).[1] The jury answered "yes" to a single question regarding whether K.M.-J.'s parental rights to all five children should be terminated.

The record included testimony from K.M.-J. as well as Department employees. The testimony of the Department employees relayed reports from the children and others. The evidence showed that the Department became involved with K.M.-J.'s children several times over the decade leading up to their removal from her care. Department employees testified that two of the children reported that K.M.-J. struck one child in the face with a stick, causing a four-inch scar. K.M.-J. testified that the scarred child was struck by the child's brother. There is testimony that K.M.-J. and her children lived with a family whose children sexually abused one of her children. After the father of that family had sex with his daughter, K.M.-J. told him to move out—even though he was paying for the apartment. Though K.M.-J. testified that she did not allow him to see her children, there was testimony that her children testified that the man visited the apartment in the evenings while she was working. There was also a report that she did not like the next-to-youngest child (who was, according to K.M.-J., the product of a spousal rape), and tried to sell the child to an older sibling. K.M-J. denied disliking the child or offering her for sale. During the course of the Department's involvement with the family, K.M.-J. moved several times among motels, other

---

[1] The best-interest factors gleaned from *Holley v. Adams* are: (1) the child's desires, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the persons seeking custody, (5) programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the parent's acts or omissions. The *Holley* factors are not exhaustive, and there is no requirement that all factors be proved as a condition precedent to parental termination. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).

residences, a shelter, and friends' homes. She did not keep the Department apprised of her moves, and not once during the year-long case did she allow a Department employee to see the inside of her living quarters. She participated in some services, including a psychological evaluation, therapy, and supervised visits. But Department employees testified that she did not consistently show appropriate parenting skills during the visits, show the ability to meet the children's basic needs, contact the caseworker as scheduled, pay $200 child support, or provide a safe and appropriate home. K.M.-J. disputed some of this testimony, but the jury was empowered to choose what and whom to believe. *In re K.C.*, 219 S.W.3d 924, 931 (Tex. App.—Dallas 2007, no pet.) (citing *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003)).

Based on our review of the record, we conclude that this appeal is frivolous. We affirm the termination of K.M-J.'s parental rights to the five children listed in the trial-court decree. We grant appellant's appointed counsel's motion to withdraw as counsel.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   June 27, 2012

4